UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PLOTKIN,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORATION COMPANY; MICHAEL A. CASTANEDA; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. CV 21-05872 AB (MARx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [9]** |

Before the Court is Plaintiff Gregory Plotkin's ("Plaintiff") Motion to Remand. ("Motion to Remand," Dkt. No. 11.) Defendant Swift Transportation ("Defendant Swift") opposed, ("Remand Opp'n," Dkt. No. 12). Plaintiff did not reply. Also before the Court is Defendant Swift's Motion to Dismiss. ("Motion to Dismiss," Dkt. No. 9.) Plaintiff did not oppose the Motion to Dismiss. The Court deems this matter appropriate for decision without oral argument and vacates the hearing scheduled for September 17, 2021. *See* Fed. R. Civ. P. 78; LR 7-15. For the following reasons, the Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss.

1.

## I. BACKGROUND

The following allegations are taken from Plaintiff's state court complaint. ("Complaint," or "Compl.," Dkt. No. 1-1.) This case arises out of an alleged October 7, 2019 motor vehicle accident involving a car driven by Plaintiff and a tractor-trailer driven by Defendant Michael A. Castaneda ("Defendant Castaneda"). (Compl. at 5.) Plaintiff alleges Defendant Castaneda was an agent or employee of Defendant Swift. (*Id.*) Plaintiff sustained injuries as a result of the accident, as well as medical and related expenses, past, present, and future lost earnings, loss of future earning capacity, as well as mental, emotional, and physical pain and suffering. (*Id.*)

Plaintiff filed his Complaint in Los Angeles County Superior Court on July 20, 2020. (*See* Compl.) Defendant Swift was served on July 14, 2021. (Dkt. No. 8-8.) Defendant Swift removed the matter on July 20, 2021 pursuant to the Court's diversity jurisdiction. ("NOR," Dkt. No. 1.) The instant Motions followed.

## II. LEGAL STANDARD

### a. Motion to Remand

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

//

### b. Motion to Dismiss

Federal Rule of Civil Procedure 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough details to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

### III. DISCUSSION

### a. Failure to Comply with Local Rule 7-3

Pursuant to Local Rule 7–3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. CAL. L.R. 7-3. After the conciliation conference, "if the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on

(date).'" *Id.* A district court has discretion to deny a motion that fails to comply with the Local Rules. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (explaining a "district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.")

Both Motions are replete with issues regarding Plaintiff's failure to comply with this Court's meet and confer requirement. (*See* Motion to Dismiss at 2; Remand Opp'n at 3-5.) This alone is cause to deny Plaintiff's Motion to Remand and grant Defendant Swift's Motion to Dismiss. While the Court will nonetheless reach the merits of both Motions, the Plaintiff is directed to carefully read this Court's Standing Order and the Local Rules of this district. Further failure to comply may result in more serious consequences, such as dismissal of the action or sanctions.

### b. Motion to Remand

Plaintiff brings his Remand Motion on the grounds that Defendant Swift's removal was untimely pursuant to 28 U.S.C. § 1446(b). On May 26, 2021, Plaintiff served an unspecified settlement demand on Defendant Swift's counsel. ("Settlement Demand," Dkt. No. 11-1.) Plaintiff contends that the Settlement Demand triggered Defendant Swift's 30 day window for removal because such demand revealed that the amount in controversy exceeded the jurisdictional minimum of $75,000. (Motion to Remand at 4.) Thus, Defendant Swift was required to remove this action by June 15, 2021. (*Id.* at 11.) Defendant Swift responds that removal was timely because Defendant removed the case within six days of receipt of Plaintiff's Complaint. (Remand Opp'n at 7-8.) The Court agrees with Defendant Swift.

Title 28 U.S.C. § 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days

4.

after the service of summons upon the defendant of such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

What constitutes an "initial pleading" is clear. Under Rule 7, the only pleadings allowed in this Court are: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Nowhere in the law does it state that a settlement demand constitutes an initial pleading for purposes of removal. The initial pleading here is unequivocally Plaintiff's Complaint. Defendant Swift received the Complaint when it was served on July 14, 2021. (Dkt. 1-8.) Thus, Defendant Swift was required to remove the action within 30 days of July 14, 2021. Defendant Swift removed the case within six days of such date. (*See* NOR.) Accordingly, Defendant Swift's removal was timely.

Plaintiff further argues that even if the Settlement Demand was not the "initial pleading," the Settlement Demand nonetheless provided Defendant Swift with "constructive notice" that a lawsuit had been filed in Los Angeles County Superior Court. (Remand Opp'n at 6.) Plaintiff avers that Defendant Swift's awareness of the lawsuit should have triggered the 30 day window for removal. (*Id.*) However, the law is clear. The 30 day window for removal is triggered by a defendant's receipt of an initial pleading. 28 U.S.C. § 1446(b)(3). Nowhere in the law does it state that mere "constructive notice" of a lawsuit triggers the 30 day window for removal. The parties provide no showing that Defendant Swift received Plaintiff's Complaint prior to July 14, 2021.

Accordingly, because Defendant Swift removed this matter within six days of being served with the Complaint, removal was timely. The Court finds, and the parties do not dispute, that the parties are diverse and that the amount in controversy exceeds $75,000. (*See* NOR.) Accordingly, removal was appropriate and Plaintiff's Remand Motion is **DENIED**.

### c. Motion to Dismiss

Next, Defendant Swift moves to dismiss Plaintiff's Complaint for failure to state a claim. (*See* Motion to Dismiss.) Defendant Swift points to Plaintiff's form, state court Complaint and argues that it is comprised merely of legal conclusions and lacks any basis for the causes of action alleged. (*Id.*) The Court agrees.[1]

This Court's Standing Order requires a plaintiff in a removed case to file a revised pleading that complies with federal pleading standards within 30 days of removal. (Dkt. No. 7, ¶ 3.) Indeed, "[t]he Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). Once an action is removed, federal law governs the pleading standards required for plaintiff's complaint to survive a 12(b)(6) motion. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (although a plaintiff's complaint was initially filed in state court, it was the federal—and not state—pleading standards that applied to the complaint after removal). Consequently, although this action is brought under California substantive law, the pleading requirements of Rule 12(b)(6) and Rule 8(a) apply.

---

[1] Plaintiff did not oppose the Motion to Dismiss. This alone is cause to dismiss the Complaint. C.D. Cal. L.R. 7–9; C.D. Cal. L.R. 7–12 (stating that a plaintiff's failure to oppose a motion to dismiss "may be deemed consent to the granting or denial of the motion"); *see also, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding that a court may dismiss an action based on a party's failure to comply with the court's Local Rules). However, the Court will also reach the merits of this Motion.

6.

Here, Plaintiff has not filed a revised pleading in compliance with this Court's Standing Order. Plaintiff's Complaint was filed using California Judicial Council forms wherein he checked boxes and provided bare bones allegations to indicate Defendants were negligent or violated a motor vehicle cause of action. (*See* Compl.) Specifically, Plaintiff asserts claims for "Motor Vehicle" and "General Negligence" against all Defendants. (Compl. ¶ 10.) In the Motor Vehicle cause of action, Plaintiff avers Defendants Swift, Castaneda, and Does 1 to 25: (1) operated the motor vehicle; (2) employed persons who operated the motor vehicle within the scope of their employment; (3) owned the motor vehicle; (4) entrusted the motor vehicle; and (5) were agents and employees of one another. (*Id.* at 5.) Plaintiff asserts nearly identical allegations in his General Negligence cause of action, alleging Defendants Swift, Castaneda, and Does 1 to 25 "negligently owned, operated, maintained, entrusted, and/or controlled the subject vehicle" so as to cause the collision, "breached their duty or duties" to Plaintiff and caused Plaintiff's damages. (*Id.* at 6.)

Such allegations amount to nothing more than labels, legal conclusions, and formulaic recitations of the elements of the causes of action. *See Twombly*, 550 U.S. at 555. Moreover, Plaintiff lumps all Defendants together in both causes of action and fails to plead cognizable legal theories as separate causes of action against appropriate individual and entities. While such a complaint may suffice in state court, Plaintiff's vague and bare bones allegations will simply not do in this Court. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and it must be dismissed in its entirety.

Defendant Swift concedes that Plaintiff should be granted leave to amend. (Motion to Dismiss at 6.) The Court agrees. The Court therefore grants leave to amend so that Plaintiff may file a proper revised pleading which sets forth only cognizable legal theories against the appropriate individuals and entities and complies with federal pleading standards.

7.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**. Defendant Swift's Motion to Dismiss is **GRANTED**, with leave to amend. Plaintiff is **ORDERED** to file any First Amended Complaint within 14 days of the issuance of this order. Failure to do so will result in the dismissal of this action, with prejudice.

**IT IS SO ORDERED.**

Dated: September 15, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE